**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| **TRAVIS RAY NORWOOD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.   5:22-00339** |
| | ) | |
| **DONNIE AMES,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's "Motion to Stay and Abey Pending Resolution of Second State Habeas Proceedings" (Document No. 5), filed on August 17, 2022; and (2) Respondent's Motion to Dismiss (Document No. 11), filed on November 3, 2022. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's "Motion to Dismiss" (Document No. 11) and deny Petitioner's Motion to Stay (Document No. 5).

**FACTUAL BACKGROUND**

**1.      Criminal No. 16-F-136:**

On May 4, 2017, following a two-day jury trial, Petitioner was convicted in the Circuit Court of Greenbrier County of delivery of a controlled substance (heroin) in violation of West Virginia Code § 60A-4-401(a). (Document Nos 11-2 and 11-3.) On May 19, 2017, the State filed a recidivist information seeking an enhancement under West Virginia Code §§ 61-11-18 and 61-

119. (Document No. 11-4.) In support, the State listed the following prior convictions: (1) A February 1, 2016 conviction in the State of Virginia for distribution of, or possession with the intent to distribute, more than one-half ounce but not more than five pounds of marijuana, for which Petitioner was sentenced to two years imprisonment; and (2) An October 28, 2008 conviction in the State of Virginia for eluding the police, for which Petitioner was sentenced to four years in the penitentiary. (Id.) On September 25, 2017, following a jury trial, Petitioner was determined to be the same person convicted of the October 28, 2008 and February 1, 2016 felony offenses. (Document No. 11-5.) By Order entered on October 10, 2017, Petitioner was sentenced to life imprisonment. (Document No. 11-6.)

In January 2018, Petitioner filed two Motions for Reconsideration of Sentence pursuant to Rule 35. (Document No. 11-8.) Specifically, Petitioner requested leniency in light of his drug addiction, his desire to participate in a drug treatment program, and the fact he had been incarcerated for a total of 16 months. (Id.) By Order entered on January 31, 2018, the Circuit Court denied the Motions finding that Petitioner's life sentence under W. Va. Code § 61-11-18(c) was mandatory. (Document No. 11-9.) The Circuit Court further determined that notwithstanding the mandatory sentence, Petitioner had "failed to present any compelling justification that warrant[ed] a reconsideration of his sentence." (Id.) On June 18, 2018, Petitioner filed his third Motion for Reconsideration of Sentence. (Document No. 11-10.) By Order entered on June 19, 2018, the Circuit Court denied the Motion as untimely. (Id.)

By Amended Sentencing Order entered on July 23, 2019, the Circuit Court clarified that Petitioner would be eligible for parole after serving fifteen (15) years. (Document No. 11-11.) On August 20, 2019, Petitioner filed his fourth Motion for Reconsideration of Sentence arguing that his life sentence was illegal. (Document No. 11-12.) The above Motion is currently pending before

2

the Circuit Court. (Document No. 11-13.)

**2.     Direct Appeal and Petition for Writ of Certiorari:**

On November 3, 2017, Petitioner filed his Notice of Appeal. (Document No. 11-14.) Petitioner asserted the following assignments of error: (1) Insufficient evidence to sustain conviction; (2) Illegal sentence in light of probationary status; and (3) Life sentence in violation of the proportionality clause contained in Article III, Section 5 of the West Virginia Constitution. State v. Norwood, 242 W.Va. 149, 153, 832 S.E.2d 75, 79 (2019). On May 30, 2019, the Supreme Court of Appeals of West Virginia ("SCAWV") affirmed Petitioner's conviction and sentence. Id. On January 31, 2020, following a request to extend time, Petitioner filed his petition for writ of certiorari with the United States Supreme Court. (Document No. 11-15.) On March 9, 2020, the United States Supreme Court denied the petition.

**3.     First State *Habeas* Petition:**

On October 3, 2019, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Greenbrier County. Norwood v. Ames, Case No. 19-C-130 (Cir. Ct. Greenbrier Co.); (Document No. 11-17.) In his Petition, Petitioner raised the following grounds for *habeas* relief: (1) Ineffective assistance of recidivist trial counsel, E. Lavoyd Morgan, Jr.; (2) Ineffective assistance of recidivist trial counsel, Jeffrey Rodgers; and (3) Ineffective assistance of trial counsel. (Id.) By Order entered on December 31, 2019, the Circuit Court denied Petitioner's *habeas* petition. (Document No. 11-19.)

On February 3, 2020, Petitioner filed his Notice of Appeal. (Document No. 11-20.) Petitioner argued that the Circuit Court "abused its discretion by failing to appoint counsel or hold an omnibus hearing to address" his ineffective assistance of counsel claims. Norwood v. Ames, 2021 WL 3620458, * 4 (W.Va. Aug. 16, 2021). By Memorandum Decision entered on August 16,

2021, the SCAWV affirmed the Circuit Court's denial of Petitioner's *habeas* petition. (<u>Id.</u>, p. 7.) On September 16, 2021, the SCAWV issued its Mandate. (Document No. 11-21.)

4.    **Second State *Habeas* Petition:**

On September 11, 2020, Petitioner, proceeding *pro se*, filed his second Petition for Writ of *Habeas Corpus* in the Circuit Court of Greenbrier County. <u>Norwood v. Ames</u>, Case No. 20-C-89 (Cir. Ct. Greenbrier Co.); (Document No. 11-22.) By Order entered on August 6, 2021, the Circuit Court appointed *habeas* counsel after determining that certain grounds asserted by Petitioner had not "been previously and finally adjudicated or waived." (Document No. 11-23.) On April 29, 2022, Petitioner, by counsel, J. Brent Easton, filed his Amended *Habeas* Petition asserting the following grounds for relief: (1) Disproportionate sentence in violation of the West Virginia Constitution; and (2) Ineffective assistance of counsel during Petitioner's recidivist trial and sentencing hearing. (Document No. 11-24.) Petitioner represents in his instant Section 2254 Petition that following an evidentiary hearing, the Circuit Court "denied relief from the bench" and has not yet entered the final order. (Document No. 1, p. 12.) Petitioner further states that he intends to appeal the Circuit Court's denial of *habeas* relief to the SCAWV. (<u>Id.</u>, p. 5.)

5.    **Section 2254 Petition:**

On August 15, 2022, Petitioner, by counsel, Jeremy Benjamin Cooper, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody and Memorandum in Support. (Document Nos. 1 and 2.) In his Petition, Petitioner asserts the following grounds for relief: (1) Unconstitutional disproportionate sentence; (2) Ineffective assistance of counsel for advising waiver of argument concerning the proportionality of his sentence; and (3) Ineffective assistance of counsel by the abject failure of his retained counsel (E. Lavoyd Morgan) to appear or other participate in his case. (<u>Id.</u>) As Exhibits, Petitioner attaches the following: (1) A

copy of the SCAWV's Opinion filed on May 30, 2019, affirming Petitioner's conviction and sentence (Document No. 1-1.); and (2) A copy of the SCAWV's Memorandum Decision filed on August 16, 2021, affirming the denial of Petitioner's first State *habeas* Petition (Document No. 2-2.).

On August 17, 2022, Petitioner filed a "Motion to Stay and Abey Pending Resolution of Second State Habeas Proceedings." (Document No. 5.) In support, Petitioner explains that the Circuit Court orally denied his second State *habeas* Petition from the bench at the conclusion of the evidentiary hearing and has not yet entered its final order. (Id.) Petitioner, however, states that it is his "intention to file an appeal of that second habeas petition to the State Supreme Court." (Id.) Petitioner further acknowledges that even though the grounds asserted in the first State *habeas* Petition are similar to those asserted in the second State *habeas* Petition, the first State *habeas* appeal focused on the Circuit Court's decision not to afford counsel or an evidentiary hearing instead of the the merits of the *habeas* grounds. (Id.) Petitioner, therefore, acknowledges that his claims are unexhausted. (Id.) Citing Rhines v. Weber, 544 U.S. 269 (2005), Petitioner argues that he is entitled to a stay and abeyance of his Federal petition. (Id.) Specifically, Petitioner argues that he is entitled to a stay "[b]ecause the Petitioner's meritorious claims remain unexhausted below," and "they will imminently be exhausted via the forthcoming second state habeas appeal, without undue delay." (Id.)

By Order entered on August 17, 2022, the undersigned directed Respondent to file a Response to Petitioner's "Motion to Stay and Abey Pending Resolution of Second State Habeas Proceedings." (Document No. 7.) Following the granting of an extension of time, Respondent filed his Motion to Dismiss and Memorandum in Support on November 3, 2022. (Document Nos. 11 – 12.) First, Respondent acknowledges that Petitioner's above Petition is timely because Petitioner

has not used any of his time under the limitations period. (Document No. 12, pp. 7 - 9.) Next, Respondent argues that Petitioner's Petition should be dismissed because Petitioner's claims are "unexhausted and he fails to demonstrate good cause for a stay and abeyance." (Id., pp. 9 – 11.) Respondent contends that all three grounds asserted in Petitioner's Section 2254 Petition are unexhausted because the issues were never presented to the SCAWV. (Id., p. 10.) Respondent contends that even though Petitioner requests a stay and abeyance pending exhaustion, Petitioner fails to demonstrate good cause for a stay. (Id.) Respondent argues that "Petitioner's request for a stay and abeyance pending exhaustion of his State court remedies is particularly unwarranted in light of the fact that he has not used a single day under the AEDPA's one-year statute of limitations." (Id., p. 11.) Respondent states "there is no realistic threat that Petitioner's claims will be prospectively barred as untimely in federal court, and he is free to raise them once his second State habeas appeal is complete." (Id.) Finally, Respondent claims Petitioner does not contend that any exceptions to the exhaustion requirement exists. (Id.)

As Exhibits, Respondent attaches the following: (1) A copy of the underlying Indictment in Case No. 16-F-136 (Document No. 11-1.); (2) A copy of the Verdict Form (Document No. 11-2.); (3) A copy Petitioner's conviction Order (Document No. 11-3.); (4) A copy of the "Information Regarding Sentencing" (Document No. 11-4.); (5) A copy of the Recidivist Verdict Form (Document No. 11-5.); (6) A copy of the Recidivist Conviction Order (Document No. 11-6.); (7) A copy of the Conviction Order (Document No. 11-7.); (8) A copy of Petitioner's Motions for Reconsideration filed on February 1, 2018 (Document No. 11-8.); (9) A copy of the Circuit Court's "Order Denying Motion for Reconsideration of Sentence" as filed on February 1, 2018 (Document No. 11-9.); (10) A copy of the Circuit Court's Order as filed on June 19, 2018, denying Petitioner's third Motion for Reconsideration of Sentence (Document No. 11-10.); (11) A copy of the

"Amended Order" as filed on July 23, 2019, finding that Petitioner was eligible for parole after serving fifteen (15) years (Document No. 11-11.); (12) A copy of Petitioner's *pro se* "Motion for Reconsideration of Sentence" as filed on August 20, 2019 (Document No. 11-12.); (13) A copy of the Docket Sheet for Case No. 16-F-136 (Document No. 11-13.); (14) A copy of Petitioner's Notice of Appeal as filed on November 3, 2017 (Docket No. 17-978) (Document No. 11-14.); (15) A copy of the Docket Sheet for <u>Norwood v. West Virginia</u>, Case No. 19-962 (Document No. 11-15.); (16) A copy of the United States Supreme Court's "Order List" exhibiting the denial of Petitioner's petition for certiorari (Case No. 19-962) (Document No. 11-16.); (17) A copy of Petitioner's first State *habeas* Petition as filed on October 3, 2019 (Case No. 19-C-130) (Document No. 11-17.); (18) A copy of the Docket Sheet for Case No. 19-C-130 (Document No. 11-18.); (19) A copy of the Circuit Court's "Order Denying Petition for Writ of Habeas Corpus" as filed on January 2, 2020 (Document No. 11-19.); (20) A copy of Petitioner's Notice of Appeal as filed on February 3, 2020 (Docket No. 20-0077) concerning the denial of his first State *habeas* Petition (Document No. 11-20.); (21) A copy of the SCAWV's Mandate entered on September 16, 2021 (Document No. 11-21.); (22) A copy of Petitioner's second State *habeas* Petition as filed on September 11, 2020 (Case No. 20-C-89) (Document No. 11-22.); (23) A copy of the Circuit Court's Order appointing J. Brent Easton as *habeas* counsel in Case No. 20-C-89 (Document No. 11-23.); (24) A copy of Petitioner's "Amended Petition for Writ of Habeas Corpus" as filed by counsel, Mr. Easton, in Case No. 20-C-89 (Document No. 11-24.); (25) A copy of "Petitioner's 'Losh Checklist' of Grounds for Post-Conviction Habeas Corpus Relief" as filed in Case No. 20-C-89 (Document No. 11-25.); (26) A copy of "Petitioner's Brief" concerning his direct appeal (Docket No. 17-0978) as filed on February 12, 2018 (Document No. 11-26.); (27) A copy of "Petitioner's Brief" concerning his appeal of the Circuit Court's denial of his first State *habeas*

Petition (Docket No. 20-0077) as filed on June 12, 2020 (Document No. 11-27.); and (28) A copy of the Docket Sheet for Case No. 20-C-89 (Document No. 11-28.).

In Response, Petitioner acknowledges that he does not contest that he has not yet exhausted his State remedies. (Document No. 13, p. 1.) Petitioner further states that he "does not contest Respondent's position that the Petitioner has not used any of his one year AEDPA timeframe." (Id.) Petitioner acknowledges that "[i]n the event that this Court agrees with that determination, then the Petitioner also agrees that he will not be prejudiced by a dismissal without prejudice of the instant petition." (Id.) Petitioner explains that he filed his instant Section 2254 Petition prior to his appeal because he "fear[ed] the scenario in which this Court might come to the determination that his second state habeas was not 'properly filed' pursuant to AEDPA (28 U.S.C. § 2244(d)(2)), due to the disfavor typically afforded to serial petitions." (Id.) Petitioner further notes that he declines to rest the viability of his federal review on the pendency of the Rule 35 motion. (Id., pp. 1 – 2.) Petitioner notes that he does not contest Respondent's characterization of the motion as a Rule 35(a) motion, Respondent claims that the Motion invokes Rule 35(b) which does not toll the limitations period. (Id., p. 2.) Therefore, Petitioner concludes "[i]f the Court finds that the Petitioner has not exhausted his claims and is not at risk of expending his AEPDA time until after the second habeas appeal is over and/or the Rule 35 motion is determined, then the Petitioner cannot reasonably assert that there would be any harm from a dismissal without prejudice." (Id.) In the alternative, Petitioner states "if the Court intends to reserve judgment on the issue of whether the second state habeas or Rule 35 motion are 'properly filed' until a later phase of the proceedings, then the Petitioner would request the matter be stayed and abeyed rather than dismissed so that Petitioner's claims are not put at risk from a later adverse determination." (Id.)

## THE APPLICABLE STANDARD

8

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit."" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for summary judgment. Walker, 589 F.3d at 139.

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first

exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, 105 at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his

claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." <u>Mallory v. Smith</u>, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. <u>Id.</u> at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[1] <u>Moore v. Kirby</u>, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); <u>McDaniel v. Holland</u>, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

In the Motion to Dismiss, Respondent argues that Petitioner's Petition should be dismissed

---

[1]  An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

for failure to exhaust. (Document Nos. 11 and 12.) Respondent explains all three of Petitioner's claims are unexhausted because the foregoing claims have not been presented to the SCAWV. (Id.) Petitioner does not dispute that his claims are unexhausted. (Document No. 13.) Based upon the foregoing, and a thorough review of the Exhibits submitted by the parties, the undersigned finds all three grounds contained in Petitioner's Section 2254 Petition are unexhausted because none of these claims have been presented to the SCAWV. As to Ground One, Petitioner presented a claim of unconstitutionally disproportionate sentence on direct appeal to the SCAWV. Although Petitioner asserted his claim of an unconstitutionally disproportionate sentence in his direct appeal, Petitioner's claim focused solely upon the alleged violation of State law. As to Grounds Two and Three, Petitioner failed to present these claims of ineffective assistance of counsel to the SCAWV on either direct appeal or the appeal of the denial of his first State *habeas* Petition. The undersigned, therefore, respectfully recommends that the District Judge find that Petitioner has filed a petition containing unexhausted claims.

When a State prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). In Rhines, however, the Supreme Court cautioned that a "[s]tay and abeyance, if employed too frequently, has the potential to undermine" the twin purposes of the total exhaustion requirement and the limitation period. Id., 544 U.S. at 277, 125 S.Ct. at 1534. Specifically, the Supreme Court explained as follows:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging

12

finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id., 544 U.S. at 277, 125 S.Ct. at 1535. Thus, a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. (noting that "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim."); also see Demere v. Ballard, 2013 WL 5352950 (N.D.W.Va. Sept. 24, 2013)("this procedure is only appropriate where an outright dismissal could jeopardize the timeliness of a petitioner's collateral attack in federal court").

Applying the Rhines standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted. The undersigned finds that the record does not support such a timeliness concern regarding the filing of Petitioner's Section 2254 Petition. Section 2244(d)(1)(A) provides that a Section 2254 *habeas* petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] The SCAWV affirmed

---

[2] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Petitioner's conviction and sentence on May 30, 2019. On January 31, 2020, Petitioner filed a petition for writ of certiorari with the United States Supreme Court. On March 9, 2020, the United States Supreme Court denied Petitioner's petition for writ of certiorari. Therefore, Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on March 9, 2020. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, the one-year statute of limitation began to run on March 10, 2020, and Petitioner had until March 9, 2021, to file a Section 2254 Application in the United States District Court, unless he first sought post-conviction relief from the State courts. Prior to the date of his conviction becoming final and the statute of limitation period beginning to run, Petitioner filed a timely Motion for Reconsideration of Sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure (August 20, 2019)[3] and his first State *habeas* Petition (October 3, 2019).

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[3] Rule 35(b) of the West Virginia Rules of Criminal Procedure provides that a motion to reduce sentence may be filed "within 120 days after the sentence is imposed or probation is revoked, or within 120 days after the entry of a mandate by the supreme court of appeals upon affirmance of a judgment of a conviction or probation revocation or the entry of an order by the supreme court of appeals dismissing or rejecting a petition for appeal of a judgment of a conviction or probation revocation."

Accordingly, the one-year statute of limitation was tolled by Petitioner's Motion for Reconsideration of Sentence and his State *habeas* Petition. See Wall v. Kholi, 562 U.S. 545, 546, 131 S.Ct. 1278, 1281, 179 L.Ed.2d 252 (2011)(holding that AEDPA's limitation period may be tolled by the filing of a motion to reduce sentence pursuant to Rule 35); Mitchell v. Green, 922 F.3d 187, 189, 198 (4th Cir. 2019)(finding that a state prisoner's motion for reconsideration tolled the limitations period because it constituted an application "for State post-conviction or other collateral review with respected to the pertinent judgment" under Section 2244(d)(2)); Bellamy v. Plumley, 2015 WL 2155697, * 5 (S.D.W.Va. May 7, 2015)("While a motion to reduce sentence may toll the AEDPA's statute of limitations from running, an untimely motion does not since it is not 'properly file' within the meaning of § 2244(d)(2)."); Johnson v. Plumley, 2014 WL 3735856, fn. 2 (N.D.W.Va. July 29, 2014)("[A] motion to reduce a sentence seeks collateral relief, and thus triggers the tolling provision of 28 U.S.C. § 2244(d)(2)"). Petitioner's Motion for Reconsideration of Sentence remains pending in the Circuit Court of Greenbrier County, and the statute of limitations is currently tolled. Considering the procedural history of Petitioner's State court proceedings, the undersigned notes that Petitioner has evaded any expiration of time under the limitation period. Upon the conclusion of Petitioner's collateral attack on his conviction and sentence in State court, Petitioner will have the full one-year period in which to file a Section 2254 Petition in federal court. Accordingly, the undersigned finds that dismissal will not jeopardize the timeliness of Petitioner's Section 2254 Petition. The undersigned, therefore, respectfully recommends that Respondent's Motion to Dismiss (Document No. 11) be granted and Petitioner's Section 2254 Petition be dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)(Generally, a federal district court may not review a Section

2254 petition unless there has been "total exhaustion" of the presented issues.); <u>Preiser v.</u> <u>Rodriguez</u>, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.)

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Respondent's Motion to Dismiss (Document No. 11), **DISMISS without prejudice** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 1), **DENY** Petitioner's "Motion to Stay and Abey Pending Resolution of Second State Habeas Proceedings" (Document No. 5), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985);

16

United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to send a copy of the same to counsel of record.

Dated: January 4, 2023.

Omar J. Aboulhosn
United States Magistrate Judge

17